RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/25/14
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TERRELL EMIL MICKELS | DOCKET NO. 1:13-CV-2988; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN, FCI POLLOCK | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is *Pro se* petitioner Terrell Emil Mickels' petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Mickels is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the Federal Correctional Institution at Pollock, Louisiana. Petitioner attacks his sentence imposed for possession with intent to distribute crack cocaine.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Procedural History*

On October 26, 2010, Petitioner entered a guilty plea to Count three of the indictment, possession with intent to distribute crack cocaine in violation of Title 21, United States Code, §841(a)(1). [1:10-cr-152 S.D.Ala.] On June 29, 2011, Petitioner was sentenced to 188 months of imprisonment. On September 13, 2013, he filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582. [1:10-cr-152 S.D.Ala. Doc. #91] The motion was denied, and Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, where the matter remains

pending.

### *Law and Analysis*

Petitioner claims that his sentence was based on "the lies and statements from other inmates." [Doc. #1, p.8]  He also claims that the Supreme Court case of Alleyne v. U.S., --- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), applies retroactively and makes his sentence illegal.

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed.  See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 provides the primary means of collaterally attacking a federal conviction and sentence.  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).  A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate.  See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001).

A prisoner may use Section 2241 as the vehicle for attacking the conviction only if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255.  The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner.  See Jeffers, 253 F.3d at 830.

In this case, Petitioner is not challenging the *manner* in which his sentence is being executed; rather, he is challenging *the length and legality of the sentence imposed in the Southern District of Alabama*. Because he is collaterally attacking his sentence, his claim should be filed under Section 2255 in the district of his conviction, unless the Petitioner can meet the requirements of the Savings Clause, which allows a Section 2241 petition under certain limited circumstances.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a Section 2241 petition in connection with Section 2255's savings clause. See Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). In Reyes-Requena, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Id.

In order to satisfy the first prong of the test, the petitioner must show that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. See id.; Jeffers, 253 F.3d at 830-31. Petitioner claims that the Supreme Court case of Alleyne v. U.S.,

3

--- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), satisfies the first prong of the Savings Clause. The Fifth Circuit Court of Appeal addressed this argument in In re Kemper, 735 F.3d 211 (5th Cir. 2013), noting that, "In Alleyne, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt." See id., (citing Alleyne, 133 S.Ct. at 2163). "Alleyne is a direct criminal appeal, see Alleyne, 133 S.Ct. at 2155-56, and therefore did not involve a retroactive application of a rule on collateral review." Id. Moreover, the Fifth Circuit noted, the Supreme Court did not declare that Alleyne applies retroactively on collateral review. Id. Because Alleyne does not apply retroactively to cases on collateral review, Petitioner cannot meet the first prong of the Savings Clause of Section 2255.

Additionally, to the extent that Petitioner so claims, the remedy provided under §2255 is not inadequate or ineffective due to the petitioner's inability to meet the AEDPA requirements for bringing a §2255 motion. See Henderson v. Haro, 282 F.3d 862, 863 (5th Cir. 2002) citing Jefers, 253 F.3d at 829.

### *Conclusion*

Accordingly, Petitioner cannot state a claim for relief under Section 2241. **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED**.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 25th day of March, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE